# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RAIN AND HAIL, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-MC-510 CAS |
| | ) | |
| CECIL HARNESS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER CONFIRMING ARBITRATION AWARD

This matter is before the Court on plaintiff Rain and Hail, L.L.C.'s motion to confirm a June 29, 2007 award of arbitration against defendant Cecil Harness, Jr., pursuant to 9 U.S.C. §§ 6 and 9.

Plaintiff Rain and Hail is engaged in the business of providing federal reinsured crop insurance to farmers through the Federal Crop Insurance Program. Rain and Hail submitted a claim for arbitration with the American Arbitration Association ("AAA") against Cecil Harness, Jr. regarding overpayment it made to defendant Harness for the 2003 crop year. The claim was made pursuant to arbitration provisions contained in crop insurance policies issued to defendant. Defendant brought counter-claims against Rain and Hail for unpaid losses he claims to have experienced for the 2004 crop year. An arbitrator, Michael Lyons, was appointed to hear the dispute, and a hearing was conducted in Bowling Green, Missouri on May 31, 2007.

On June 29, 2007, the arbitrator awarded Rain and Hail the sum of sixty-three thousand eight hundred thirty dollars and no cents ($63,830.00) for overpayment it had made to defendant for the 2003 crop year. The arbitrator also awarded administrative fees and expenses to Rain and Hail and ruled that "Harness shall reimburse Rain and Hail L.L.C. the sum of four hundred sixty-four dollars and twenty-eight cents ($464.28), representing that portion of said fees and expeneses in excess of

the apportioned costs previously incurred by Rain and Hail L.L.C." He also ruled that the award was "in full settlement of all claims submitted to this arbitration."

Defendant has not filed a motion to vacate, modify, correct or clarify the arbitration award, and his time for doing so has expired. See 9 U.S.C. §§ 9, 12; Val-U Constr. Co. of South Dakota v. Rosebud Sioux Tribe, 146 F.3d 573, 579 (8th Cir. 1998); Domino Group, Inc. v. Charlie Parker Mem'l Found., 985 F.2d 417, 419-20 (8th Cir. 1993). "Absent a timely motion to vacate, in most cases the confirmation of an arbitration award is a summary proceeding that makes what is already a final arbitration award a judgment of the court." Domino Group, 985 F.2d at 420 (internal quotation marks and citation omitted). "Judicial review of an arbitration award is extremely limited. Beyond the grounds for vacation provided in the FAA, an award will only be set aside where "it is completely irrational or evidences a manifest disregard for law." Kiernan v. Piper Jaffray Cos., Inc., 137 F.3d 588, 594 (8th Cir. 1998) (quoting Lee v. Chica, 983 F.2d 883, 885 (8th Cir. 1993)). Therefore, the Court will confirm the arbitration award in this case.

Plaintiff Rain and Hail, however, is not only asking that the arbitration award be confirmed, but it avers that the award should be offset by the sum of thirty-three thousand five hundred sixty-nine dollars and no cents ($33,569.00), which it claims is the amount it owes defendant for his 2005 soybean claim. Defendant has not objected to this offset amount. The Court, therefore, will offset the arbitration award by the amount Rain and Hail claims it owes defendant Harness.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to confirm arbitration award is **GRANTED**, and the June 29, 2007 arbitration award, which settled a dispute between Rain and Hail, L.L.C. and Cecil Harness, Jr., is **confirmed** in all respects. [Doc. 1]

**IT IS FURTHER ORDERED** that the arbitration award is offset by the amount of thirty-three thousand five hundred sixty-nine dollars and no cents ($33,569.00).

A separate judgment will accompany this order.

                                            /s/ Charles A. Shaw
                                            **CHARLES A. SHAW**
                                            **UNITED STATES DISTRICT JUDGE**

Dated this   25th   day of February, 2008.